IN THUE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| APOLLON WEALTH MANAGEMENT, LLC, | ) | Civil Action No. __2:26-mc-00277-__RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | **PETITION TO ENFORCE** |
| v. | ) | **ARBITRAL SUBPOENA** |
| | ) | **PURSUANT TO THE** |
| MICHAEL D. PIERSHALE, | ) | **FEDERAL ARBITRATION ACT** |
| | ) | |
| Respondent. | ) | |
| | ) | |

Pursuant to the Federal Arbitration Act , 9 U.S.C. § 1 *et seq*., the Petitioner Apollon Wealth

Management, LLC hereby petitions this Court for an order enforcing a *subpoena ad testificandum*

issued by American Arbitration Association Arbitrator Benjamin Fink to the  Respondent Michael

D. Piershale in the arbitration captioned *Apollon Wealth Management, LLC v. Ben Barzideh and*

*Matt Nadeau*, AAA Case No. 01-25-0000-6150.  In support of this petition, Apollon states as

follows:[1]

**PARTIES**

1.     Petitioner Apollon Wealth Management, LLC  ("Apollon") is a limited liability

company with its principal place of business in Mount Pleasant, South Carolina.

2.     Respondent Michael D. Piershale ("Piershale") is an individual domiciled in Palm

Beach Gardens, Florida.

3.     Non-parties Benjamin Barzideh ("Barzideh") and Matt Nadeau ("Nadeau") are

---

[1]     Because a full explanation of the grounds for relief, as set forth in Local Civ. Rule 7.05
(D.S.C.), is contained within this petition, a separate memorandum would serve no useful purpose.
*See* Local Civ. Rule 7.04 (D.S.C.).

both defendants in the arbitration captioned *Apollon Wealth Management, LLC v. Ben Barzideh and Matt Nadeau*, AAA Case No. 01-25-0000-6150 (the "Arbitration").

4.      The *subpoena ad testificandum* at issue before this Court (the "Subpoena") was issued to Respondent Piershale by Arbitrator Benjamin Fink (the "Arbitrator") of the American Arbitration Association (the "AAA") in the Arbitration.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over this matter pursuant to the Federal Arbitration Act ("FAA"), which provides a mechanism by which a party may petition a federal district court to enforce a subpoena issued by an arbitrator in accordance with the FAA. *See* 9 U.S.C. § 1 *et seq.* and 9 U.S.C. § 7.

6.      Additionally, this Court has jurisdiction over this matter because complete diversity exists between the Petitioner and Respondent and the amount in controversy exceeds $75,000.00, excluding interest and costs.[2]  The benefit to Apollon of receiving Piershale's deposition testimony exceeds $75,000.00.  Indeed, Piershale's deposition testimony is relevant to whether Apollon is entitled to the award it seeks in the Arbitration, which far exceeds $1 million.

7.      Venue for this petition is proper in this Court under 9 U.S.C. § 7, as the parties to the Arbitration are contractually bound to conduct the hearing in the Arbitration in the State of

---

[2]      The amount-in-controversy requirement of $75,000 is satisfied in an action under Section 7 of the FAA by "a good faith allegation that the benefit to the plaintiff of obtaining the subpoenaed information in this controversy exceeds $75,000." *Maine Comm. Health Options v. Albertson Cos., Inc.*, 993 F.3d 720, 722 (9th Cir. 2021); *see also Washington Nat'l Ins. Co. v. OBEX Group LLC*, 958 F.3d 126, 135 (2d Cir. 2020) (holding that the amount-in-controversy requirement was satisfied where "[t]he documents responsive to the summonses that are the subject of this section 7 petition are relevant to whether [plaintiff] is entitled to all or part of that award.").

South Carolina; therefore, the seat of the Arbitrator is located in the United States District Court for the District of South Carolina.[3]

8.      Jurisdiction and venue are also proper in this forum because Piershale is a party to his own agreement with Apollon-related entities that similarly provides for disputes to be resolved by arbitration to be held in South Carolina.  In fact, Piershale has asserted certain claims against Apollon-related entities in a separate South Carolina arbitration captioned as *Apollon Equity Partners, LLC, et al. v. Michael D. Piershale and Piershale Financial Group, Inc.*, AAA Case No. 01-25-0000-3954.

## FACTUAL BACKGROUND

9.      Piershale was previously the sole owner of a registered investment advisory firm called Piershale Financial Group ("PFG").  Ben Barzideh and Matt Nadeau worked for Piershale at PFG as financial advisors.  Ben Barzideh is Piershale's son-in-law.

10.     In August 2023, Piershale sold an 80% stake in PFG to certain Apollon-related entities.  The primary asset that the Apollon entities acquired through that transaction was the goodwill associated with PFG's wealth management clients who Piershale, Barzideh, and Nadeau previously serviced at PFG.

---

[3]     *See Managed Care Advisory Group, LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1158 (11th Cir. 2019) (holding "9 U.S.C. § 7 simply states that compelling attendance must be done in the same manner provided by law (i.e., filing a motion) and does not incorporate Rule 45 regarding where motions to compel must be filed"; therefore,  "the plain meaning of 9 U.S.C. § 7 requires that a motion to compel must be filed in the district in which the arbitrators are sitting."); *Campaign Registry, Inc. v. Tarone*, 2024 WL 3105524, at *4 (S.D.N.Y. Jun. 24, 2024) (holding that "the seat of the arbitration is Delaware . . . because Delaware is where the arbitration is being administered" pursuant to the location agreed upon and required in the parties' agreement); *Depuy Synthes Sales, Inc. v. Smith + Nephew, Inc.*, 2022 WL 79812, at *3 (Jan. 7, 2022) (holding that the seat of the arbitration is in Indianapolis, Indiana because that is the location of the arbitration hearing, and "[w]here the arbitrator maintains a law practice is irrelevant").

11.     As contemplated by the purchase agreement, after the Apollon entities acquired their interest in PFG, Barzideh and Nadeau signed employment agreements with, and became employees of, Apollon.   Thereafter, on behalf of Apollon, Piershale, Barzideh, and Nadeau continued servicing the same client relationships that the Apollon entities had acquired.

12.     On January 10, 2025, Barzideh and Nadeau abruptly resigned from Apollon – without providing any written notice – in violation of their employment agreements with Apollon to pursue their own, competing wealth management firm.

13.     When Barzideh and Nadeau resigned, they were subject to restrictive covenants in their employment agreements, including a non-solicitation provision.   To protect the client relationships and goodwill that Apollon had purchased from PFG, Apollon immediately sought a temporary restraining order in the South Carolina Court of Common Pleas, which was granted by Judge Jennifer B. McCoy in January 2025 and later converted into a preliminary injunction in March 2025 ("TRO" and "PI Order," respectively).

14.     On February 5, 2025, Apollon filed a demand for arbitration in AAA against Barzideh and Nadeau pursuant to an arbitration provision in each of their employment contracts with Apollon alleging breach of contract, breach fiduciary duty, and violation of South Carolina's Trade Secrets Protection Act (*i.e.*, S.C. Code § 39-8-10 *et seq.*).[4]

15.     While Piershale remained affiliated with Apollon after Barzideh and Nadeau resigned, Piershale refused to speak with or service any of the client relationships that the Apollon entities had acquired from PFG – even though he was the only financial advisor left in the office after Barzideh's and Nadeau's sudden resignations.

---

[4]     A copy of Apollon's Demand for Arbitration and Statement of Claim in *Apollon Wealth Management, LLC v. Ben Barzideh and Matt Nadeau*, AAA Case No. 01-25-0000-6150 is attached hereto as *Exhibit 1*.

16.     On January 27, 2025, Apollon terminated Piershale and filed a demand for arbitration against Piershale in AAA, alleging (among other claims) fraudulent inducement, breach of contract, and breach of fiduciary.[5]  Shortly after Apollon initiated this second arbitration against Piershale, Apollon offered to consolidate the Barzideh-Nadeau Arbitration with the separate arbitration against Piershale because both arbitrations will be heard in South Carolina and because the facts surrounding Apollon's claims against Barzideh, Nadeau, and Piershale largely overlap. However, Piershale refused.

17.     Although Apollon alleged straightforward claims against Barzideh and Nadeau in the Arbitration, Barzideh and Nadeau have made Piershale a central figure of their defenses to Apollon's claims.   Indeed, in their Answering Statement to Apollon's arbitration demand, Barzideh and Nadeau reference "Piershale" approximately 70 times.[6]

18.     The importance of Piershale's deposition testimony in the Arbitration cannot be overstated.  For example, in an effort to provide a *post facto* justification for their breach of their employment agreements, Barzideh and Nadeau have asserted that Apollon forced them to resign because Apollon allegedly concealed a "revenue sharing fee" from Piershale, conducted a human resources investigation into Piershale, and attempted to coerce them into purchasing Piershale's remaining 20% stake in the PFG business by threatening harm to Piershale's financial interests.

19.     More specifically, in responding to Apollon's claims in the Arbitration, Barzideh and Nadeau allege that Apollon:

---

[5]     A copy of Apollon's Demand for Arbitration and Statement of Claim in *Apollon Equity Partners, LLC, et al. v. Michael D. Piershale and Piershale Financial Group, Inc.*, AAA Case No. 01-25-0000-3954 is attached hereto as *Exhibit 2*.

[6]     Barzideh's and Nadeau's Amended Answering Statement, Affirmative Defenses and Counterclaims is attached hereto as *Exhibit 3*.  Notably, Barzideh's and Nadeau's alleged counterclaims were dismissed by order dated November 10, 2025.

- "financially damaged" Piershale;

-  "defrauded Piershale";

- "attacked Mike Piershale";

- "defamed" Piershale;

- "provoked falsified disputes" with Piershale;

- "began threatening Barzideh and Nadeau's relationship with Mike Piershale";

- threatened  that "if Barzideh and Nadeau did not purchase Mike Pieshale's 20% interest, Apollon would use it to hurt Mike Piershale";

- "leveraged the close relationships between Barzideh, Nadeau, and Piershale";

- "weaponized the familial relationship between Barzideh and Piershale to attempt to manipulate Barzideh and Nadeau to buy out Piershale's interest"; and

- "engaged in a months-long campaign to capitalize on the good morals and familial relationships of Barzideh and Nadeau to enrich itself and target Piershale."

*See, generally Exhibit 3*, Barzideh's and Nadeau's Amended Answering Statement.

20.    In sum, Barzideh and Nadeau have argued that, "[a]fter Apollon made Piershale a target and forced him out of the office, Barzideh and Nadeau feared the same fate."  It is through these allegations that Barzideh and Nadeau assert equitable defenses and allege that Apollon is barred from recovering damages for its claims against Barzideh and Nadeau.

21.    As a result of the central role that Piershale plays in the Arbitration, on March 2, 2026, Apollon petitioned Arbitrator Benjamin Fink  for a *subpoena ad testificandum* to conduct a

deposition of Piershale (*i.e.*, the Subpoena).[7]

22.    The Subpoena was issued on March 3, 2026, and Piershale's counsel accepted service of the subpoena on March 4, 2026.  Piershale responded to the Subpoena on March 17, 2026, objecting and requesting that the Arbitrator withdraw the Subpoena.[8]

23.    Apollon now petitions this Court to compel Piershale to comply with the Subpoena, as Apollon has a substantial need for his deposition testimony in this Arbitration, which is not otherwise available.

## ARGUMENT

24.    "The subpoena powers of an arbitrator are limited to those created by the express provisions of the [FAA]." *Robertson v. T-Mobile US, Inc.*, No. RDB-19-2567, 2019 WL 5683455, at *2 (D. Md. Nov. 1, 2019) (quoting *COMSAT Corp. v. Nat'l Science Foundation*, 190 F.3d 269, 275 (4th Cir. 1999)).  "Section 7 of the FAA authorizes arbitrators to 'summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case.'"  *Id.* (quoting 9 U.S.C. § 7).  Additionally, the FAA authorizes federal district courts to enforce subpoenas issued by an arbitrator, though this authority is not limitless.  *Id.* at *2.

25.    A "court may only compel arbitration discovery against a non-party under 'unusual circumstances' and only upon 'a showing of special need or hardship.'"  *Id.* (quoting *COMSTAT*, 190 F.3d at 276)).  Therefore, a petitioning "'party must demonstrate that the information is seeks is otherwise unavailable.'"  *Id.*

---

[7]    Before Apollon petitioned the Arbitrator, it engaged in multiple meet and confer calls and letters, and the parties were not able to resolve their dispute.  Barzideh and Nadeau did not oppose Apollon's request for a deposition subpoena to Piershale, thereby acknowledging the importance of obtaining Piershale's deposition testimony for the Arbitration.

[8]    A copy of the Subpoena is attached hereto as *Exhibit 4* and a copy of the Piershale's response is attached hereto as *Exhibit 5*.

26.     Apollon has a special need for Piershale's deposition testimony, and it is otherwise unavailable.   First, Barzideh and Nadeau have made Piershale the centerpiece of their defense to Apollon's claims in the Arbitration.  They have made dozens of assertions concerning Apollon's supposed actions directed at Piershale, treatment of Piershale, and damage to Piershale – all of which purportedly caused Barzideh and Nadeau to abruptly leave Apollon in violation of their contracts, to start a competing wealth management firm, and to solicit Apollon's clients.

27.     Piershale's mental impressions of, and testimony concerning, these matters, including the negotiations related to the revenue sharing fee with Apollon, Apollon's human resources investigation surrounding Piershale's conduct, Apollon's treatment of Piershale, and Apollon's actions towards Piershale are uniquely within Piershale's possession.  Additionally, Barzideh and Nadeau have testified that they had numerous verbal communications with Piershale concerning these same issues, including the revenue sharing fee, human resources investigation, and negotiations surrounding Piershale's departure from Apollon.  Piershale's memory, impressions, and understanding of these verbal communications are also uniquely in his possession.

28.     To that end, this case presents an unusual circumstance where defendants have thrust a non-party directly into the case by basing their defense on purported issues concerning that third party.  Apollon therefore has a special need for Piershale's deposition testimony; without it, Apollon would be prejudiced and significantly inhibited in its ability to prepare its case and challenge Barzideh and Nadeau's defenses.

29.     Nor is Piershale's testimony otherwise available.  In the separate arbitration, to which Piershale is a party with Apollon-related entities, the arbitrator has not granted the parties

8

the right to take depositions.[9]  Moreover, while Piershale's counsel has represented that he will make Piershale available as a witness at the final hearing in the Arbitration, he also previously suggested that Piershale would appear for this deposition – then reversed course.

30.     If Piershale appears for the first time at the final hearing without having been required to sit for his duly noticed deposition in compliance with the Subpoena, Apollon will still be prejudiced by having insufficient time to prepare its case.  That is especially the case here where Barzideh and Nadeau have a long-standing business relationship with Piershale extending back close to two decades, and Barzideh is Piershale's son-in-law.  Respondents will surely have unlimited access to Piershale to mount their defense.

31.     Finally, there is no dispute that Piershale is subject to the jurisdiction of the AAA under his own independent contractor agreement (and other agreements) with Apollon.  That agreement provides that any dispute between the parties will be governed by the AAA and the location of the final hearing shall be in South Carolina.  (*See Exhibit 2*, at 6).  Indeed, Piershale is engaged in arbitration with Apollon and other affiliated entities under that agreement, and a final hearing in that arbitration is set for later this fall *in Charleston, South Carolina*, just one month after the hearing in the Barzideh-Nadeau Arbitration.

32.     Piershale is well aware that the facts underlying the claims in both this Arbitration and his arbitration substantially overlap.  And, Apollon offered to consolidate the two arbitrations for this very reason, as well as because the initiation of both disputes happened close in time and would proceed to a final hearing around the same time.  If he agreed, Apollon would not be before this Court, as Piershale would have been subject to depositions in the Arbitration along with the

---

[9]     Instead, the parties must request leave to conduct depositions.

current parties.[10]  But Piershale refused.  This Court should not allow Piershale to evade the jurisdiction of the AAA and this Arbitration by challenging this Subpoena when he is in fact subject to AAA jurisdiction and is a non-party to the Arbitration by his own design.

33.     In short, Piershale's testimony is simply too important to the claims and defenses in this Arbitration to remain unknown until the final hearing.  And, Apollon would be unfairly prejudiced when Respondents have full and unlimited access to the testimony Apollon seeks through Piershale's deposition, but Apollon does not.

34.     Therefore, Apollon respectfully requests that this Court compel Piershale to comply with the Subpoena issued by Arbitrator Fink and sit for a deposition.[11]

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that the Court grant its petition and enter an order:

a.     Enforcing the *subpoena ad testificandum* issued by American Arbitration Association Arbitrator Benjamin Fink to the Respondent Michael D. Piershale in the Arbitration captioned *Apollon Wealth Management, LLC v. Ben Barzideh and Matt Nadeau*, AAA Case No. 01-25-0000-6150;

b.     Compelling Respondent Piershale to comply with the terms of the Subpoena; and

---

[10]     Numerous depositions have already taken place in the Arbitration, including of Apollon, Barizdeh, and Nadeau.  Indeed, unlike the Piershale arbitration, the Arbitrator in the Arbitration allowed for depositions as of right.

[11]     While the Subpoena schedules Piershale's deposition for April 1, 2026, which Piershale complains only provides 26-days' notice (instead of 30), Apollon is willing to work with Piershale's counsel to reschedule the deposition for a date that is convenient for the parties and Piershale.

c.   Requiring Respondent Piershale to sit for a deposition within 30 days of entry of the Court's order granting this petition; and

d.   Ordering any further relief the Court deems appropriate or necessary to effectuate the requested enforcement.

Respectfully submitted,


 /s/ Thomas P. Gressette, Jr.
**Thomas P. Gressette, Jr. (USDC-SC ID #7261)**
Email:  Gressette@WGLFirm.com
**James W. Clement (USDC-SC ID # 12720)**
Email:  Clement@WGLFirm.com
**WALKER GRESSETTE & LINTON, LLC**
P.O. Drawer 22167, Charleston, SC 29413
66 Hasell Street, Charleston, SC 29401
Phone:  (843) 727-2200


*OF COUNSEL:*

**DAVIS WRIGHT TREMAINE LLP**

**Michael V. Rella**
Email:  MichaelRella@dwt.com
**Ramya A. Sundaram**
Email:  RamyaSundaram@dwt.com
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
(212) 880-3973

**Thomas P. DeFranco**
Email:  TomDeFranco@dwt.com
1301 K Street NW
Suite 500 East
Washington, D.C. 20005
(202) 220-1928

*Attorneys for Plaintiff Apollon Wealth Management, LLC*

March 27, 2026
Charleston, South Carolina

11